UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| AARON RUBIN, Individually, and on behalf of all other similarly situated consumers,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>CONVERGENT HEALTHCARE RECOVERIES INC.<br><br>　　　　　Defendants. | Case No.:<br><br>CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL |

Plaintiff, Aaron Rubin, alleges:

### PRELIMINARY STATEMENT

1. This is an action for damages arising from Defendants violations of the Fair Debt Collections Practices Act, 15 U.S.C. §1692 *et seq.* (hereinafter "FDCPA").

### JURSIDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1692k (d).

3. Venue is proper in this district under 28 U.S.C §1391(b).

### PARTIES

4. Plaintiff is a resident of Lakewood, New Jersey and is a "consumer" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA.

5. Convergent Healthcare Recoveries, Inc. ("Convergent") is a corporation doing business in the State of New Jersey, with its corporate headquarters located at 121 NE Jefferson St. Peoria, IL

61602. Convergent is a "debt collector" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA.

## FACTUAL STATEMENT

6. On a date better known by Defendant, Plaintiff incurred a debt from medical treatment.

7. Plaintiff's debt is considered a "debt" as that term is used and defined under the FDCPA.

8. In attempt to collect said debt, Convergent sent Plaintiff an initial dunning letter on April 13, 2017.

9. The letter stated the following:

> Unless you notify this office within 30 days from receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid. If you notice this office in writing within 30 days from receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification.

10. Just below this, Defendant's letter states:

> You may contact this office Monday through Friday between 8:00 AM and 5:00 PM CT. Please contact us toll free at 866-867-0179.

11. As established by the Third Circuit in *Caprio v. Healthcare Revenue Recovery Grp., LLC*, 709 F.3d 142 (3d Cir. 2013), the above two sentences conflict with each other resulting in two different interpretations of the letter.

12. On the one hand, Plaintiff is instructed that he must dispute the debt in writing to Convergent. On the other hand, just below this, Plaintiff is instructed to call Convergent.

13. Certainly, the least sophisticated consumer would observe the content of the letter to mean that Plaintiff may also call to dispute the debt, while legally Plaintiff must submit his dispute in question.

14. At the same time, the form of the letter also leads to the conclusion that Plaintiff should call to dispute the debt given that Defendant advises the consumer to call directly below the dispute instructions.

15. These two conflicting instructions result in confusion concerning the consumer's rights.

16. Accordingly, the letter violates the FDCPA.

## CLASS ACTION ALLEGATIONS

### The Class

17. Plaintiff brings this as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and all others similarly situated who have received similar debt collection notices and/or communications from Convergent which, as alleged herein, are in violation of the FDCPA.

18. With respect to the Plaintiff's Class, this claim is brought on behalf of the following class:

(a) all consumers with a New Jersey address; (b) for which Convergent sent a collection letter substantially similar to that described by Plaintiff (d) during a period beginning one year prior to the filing of this initial action and ending 21 days after the service of the initial complaint filed in this action.

19. Excluded from the Class is any person, firm, trust, corporation, or other entity related to or affiliated with the Defendants, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendants.

### Numerosity

20. Upon information and belief, Convergent has sent similar collection letters in attempt to collect a debt to hundreds of consumers throughout the State of New Jersey, each of which violates the FDCPA. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

21. The letters sent by Defendant Convergent, and received by the Class, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

22. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant Convergent's records.

### Common Questions of Law and Fact

23. There are questions of law and fact common to the class that predominates over any questions affecting only individual Class members. These common questions of law and fact include, without limitation: (i) whether Convergent violated various provisions of the FDCPA; (ii) whether Plaintiff and the Class have been injured by Convergent's conduct; (iii) whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Convergent's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and (iv) whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

### Typicality

24. The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of Defendant's common uniform course of conduct complained of herein. Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

### Protecting the Interests of the Class Members

25. Plaintiff will fairly and adequately represent the Class members' interests, in that the Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

26. Neither the Plaintiff nor his counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

### Proceeding Via Class Action is Superior and Advisable

27. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA, as codified by 15 U.S.C.§ 1692(k).

28. The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

29. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

30. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the said letters violate the FDCPA is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

31. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

32. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

33. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

34. Absent a class action, the Class members will continue to suffer losses borne from Defendant's breaches of Class members' statutorily protected rights as well as monetary damages, thus allowing and enabling: (a) Defendant's conduct to proceed and; (b) Defendants to further enjoy the benefit of their ill-gotten gains.

35. Defendant has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692 *et seq*

36. Plaintiff repeats the allegations contained in the above paragraphs and incorporates them as if specifically set forth at length herein.

37. Convergent engaged in unfair and deceptive acts and practices, in violation of 15 U.S.C. §§ 1692e, 1692e(10), and 1692g(b).

WHEREFORE, Plaintiff, Aaron Rubin, respectfully requests that this Court do the following for the benefit of Plaintiff:

    a. Enter an Order declaring Defendants actions, as described above, in violation of the FDCPA;

    b. Enter an Order for injunctive relief prohibiting such conduct in the future;

    c. Appoint Plaintiff as the Class Representative, and appoint Plaintiff's Counsel as Lead Counsel for the Class;

    d. Enter a judgment against Defendants for statutory damages, pursuant to 15 U.S.C. § 1692k;

    e. Award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k; and

    f. Grant such other and further relief as may be just and proper.

## JURY TRIAL DEMAND

38.    Plaintiff demands a jury trial on all issues so triable.

Dated this 28th day of January, 2018.

        Respectfully Submitted,

        /S/ Daniel Zemel, Esq.
        Daniel Zemel
        **Zemel Law LLC**
        78 John Miller Way, Suite 430
        Kearny, New Jersey 07032
        (P) (862) 227-3106
        dz@zemellawllc.com
        Attorney for Plaintiff